IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MICHAEL HOEFER and COREY WORTMAN, Individually and on Behalf of All Others Similarly Situated**                              **PLAINTIFFS**

vs.                              No. 1:20-cv-4971

**CF INDUSTRIES HOLDINGS, INC., and CF INDUSTRIES EMPLOYEE SERVICES, LLC**                              **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Michael Hoefer and Corey Wortman (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants CF Industries Holdings, Inc., and CF Industries Employee Services, LLC (collectively "Defendant" or "Defendants"), and in support thereof they do hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs, each individually and on behalf of all other hourly bonus plan participants employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Act, 820 ILCS 105/1, *et seq.* ("IMWL"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable

attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly bonus plan participants lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and IMWL as described, *infra.*

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiffs' claims under the IMWL form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged herein; accordingly, this Court has supplemental jurisdiction over the IMWL claims pursuant to 28 U.S.C. § 1367(a).

6.      Defendant is headquartered within the Eastern Division of the Northern District of Illinois and, upon information and belief, the records and other documents related to the payroll practices that Plaintiffs challenge are located in this District. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

7.      Plaintiff Michael Hoefer ("Hoefer") is an individual and resident of Monona County, Iowa.

8.      Plaintiff Corey Wortman ("Wortman") is an individual and resident of Woodbury County, Iowa.

9.     Defendant CF Industries Holdings, Inc. ("CF Holdings"), is a foreign corporation, registered to do business in Illinois.

10.     CF Holdings's registered agent for service is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11.     Defendant CF Industries Employee Services, LLC ("CF Employee Services"), is a foreign limited liability company registered to do business in Illinois.

12.     CF Employee Services' registered agent for service is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

13.     Defendant maintains a website at https://www.cfindustries.com/.

## IV.     FACTUAL ALLEGATIONS

14.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

15.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16.     Upon information and belief, the revenue generated from CF Holdings and CF Employee Services was merged and managed in a unified manner.

17.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18.     Defendants are an "employer" within the meanings set forth in the FLSA and IMWL, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

19.     Defendants manufacture and sell nitrogen products for agricultural and industrial uses.

20.     Defendant operates in several states, including Illinois.

21.     Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

22.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

23.     During the period relevant to this lawsuit, Plaintiffs worked at Defendant's facility in Sergeant Bluff, Iowa.

24.     Defendants also have facilities in Louisiana, Mississippi and Oklahoma.

25.     Plaintiffs were employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

26.     Hoefer worked for Defendants as an hourly-paid maintenance technician from June of 2015 to July of 2020.

27.     Wortman worked for Defendants as an hourly-paid instrumentation technician from February of 2016 to November of 2019.

28.    Defendants also employed other hourly employees to accomplish its business purposes, such as other technicians, warehouse employees and operation employees (collectively "Hourly Employees").

29.    At all material times, Plaintiffs and other Hourly Employees have been entitled to the rights, protection and benefits provided under the FLSA and IMWL.

30.    In addition to their hourly pay, Plaintiffs and other Hourly Employees were eligible for annual quarterly, non-discretionary bonuses.

31.    These bonuses were based on objective criteria such as whether or not a certain production rate was met and if employees had met safety goals.

32.    Plaintiffs' annual bonus was calculated by incorporating the performance from all of Defendants' facilities, not just the facility where Plaintiffs worked.

33.    Other Hourly Employees annual bonus was calculated in the same way.

34.    Each Plaintiff regularly worked in excess of forty (40) hours per week throughout his tenure with Defendant.

35.    Upon information and belief, other Hourly Employees regularly or occasionally worked in excess of forty (40) hours per week.

36.    Defendant paid Plaintiffs and other Hourly Employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

37.    However, Defendant did not include the bonuses that were paid to Plaintiffs and other Hourly Employees in their regular rates when calculating their overtime pay.

38.    Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

39.    Defendant violated the FLSA and IMWL by not including all forms of compensation, such the non-discretionary bonuses paid to Plaintiffs and other Hourly Employees, in their regular rate when calculating their overtime pay.

40.    Defendant's pay practices were the same for all Hourly Employees who received bonuses.

41.    Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

42.    Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Hourly Employees violated the FLSA and IMWL.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

43.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

44.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45.    Plaintiffs bring their FLSA claims on behalf of all Hourly Employees who were eligible for bonuses, who were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.    Liquidated damages; and

C.      Attorneys' fees and costs.

46.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

47.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They received non-discretionary bonuses; and

D.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

48.     Each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifty (50) persons.

50.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

51.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

52.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

53.     Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

54.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs in their regular rates when calculating their overtime pay.

55.     Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

56.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

57.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

58.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to

the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

61.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

62.     Plaintiffs brings this collective action on behalf of all Hourly Employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

63.     Plaintiffs bring this action on behalf of themselves individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

64.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

65.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as non-discretionary bonuses paid to Plaintiffs and those similarly situated, in their regular rate when calculating their overtime pay.

66.     In the past three years, Defendant has employed more than five hundred (500) Hourly Employees.

67.     Like Plaintiffs, these Hourly Employees regularly or occasionally worked more than forty (40) hours in a week.

68.     Defendant failed to pay these workers at the proper overtime rate.

69.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All hourly-paid bonus plan participants in the past three years who earned a bonus in connection with work performed in any week in which they worked over forty hours.**

70.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

71.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

72.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the IMWL)

73.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

74.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

75.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the IMWL, 820 ILCS 105/3.

76.    IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

77.    Defendant failed to pay Plaintiffs all overtime wages owed, as required under the IMWL.

78.    Defendant's failure to include bonuses when calculating Plaintiffs' overtime pay resulted in a failure to pay Plaintiffs full and complete overtime during weeks in which Plaintiffs worked more than forty (40) hours.

79.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

80.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

81.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the IMWL, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Michael Hoefer and Corey Wortman, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer herein as follows:

A.    That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B.    A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.    A declaratory judgment that Defendant's practices violate the IMWL;

D.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F.    Judgment for damages for all unpaid overtime compensation under the IMWL;

G.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

H.    Judgment for liquidated damages pursuant to the IMWL;

I.      An order directing Defendant to pay Plaintiffs and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

PLAINTIFFS MICHAEL HOEFER and COREY WORTMAN, Individually and on Behalf of All Others Similarly Situated

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com